Joseph Beerman
vs. } No. 7353
Frank O. Clapp et al.
February 2, 1926

BAKER, J. Final hearing.

This is a bill brought to compel the removal of a certain brick wall between the property of the complainant and that of the respondents, which wall the former alleges constitutes a private nuisance and should therefore be abated, and also for other relief.

At the hearing on the issuing of a preliminary injunction, which prayer was denied, the matter was gone into fully and it was agreed that the testimony taken at that time should be considered by the court as a part of the testimony at the present hearing.

. In the rescript filed after the case was heard on preliminary injunction, the facts were more or less fully set out and the law applicable to a case of this nature discussed. At the present time, therefore, the court will refer only to such matters as have arisen since the hearing and such matters as may be necessary to determine the issues of fact.

It now appears that respondents have completed the brick wall which was under construction at the time of the previous hearing. The portion of the wall furthest removed from Wayland avenue is between the land of the respondents and one White, and is, therefore, not involved in this litigation. Continuing toward Wayland avenue, the wall—which it is proved beyond dispute is entirely on the property of the respondents—runs close to the close boundary line between th property of the parties. At the point furthest in from Wayland avenue the wall is clearly about seven feet in height, possibly a few inches more. It decreases somewhat in height as it approaches Wayland avenue. When nearing this street, the wall apparently dips downward with a curve so that, at a point nearest the complainant's house, it is in the neighborhood of five feet or so in height. It then rises slightly at the corner of the property line with Wayland avenue, where there is a brick pier or post. The wall then extends southerly a short distance along the line of the respondents' property on Wayland avenue. It passes near the complainant's house at a distance of about four feet nine inches therefrom, at a point where the complainant's sun parlor is located. It is clear from the testimony, however, that at this point the wall is comparatively low and is not over five feet in height. It appears that the floor of the complainant's sun parlor is several feet above the ground level and, from the testimony, the wall at this point cannot be more than a foot or so higher than the floor level of the complainant's sun parlor.

Taking all these facts into consideration, the court does not find that the wall will shut off either the complainant's southern or eastern exposure, or that it will prevent reasonable view from the complainant's premises, or prevent him from obtaining light and air.

The complainant also contends that the wall in question is poorly built of old and second-hand brick and, therefore, damaging to his property. On this point it appears clearly from

the evidence that the wall is properly constructed, but that a large part of it is built of second-hand brick, which, however, were cleaned before being used. It further appears that the end of the wall near Wayland avenue and extending perhaps a distance of thirty feet along the complainant's line is constructed of new brick. This brick, doubtless in order to conform to the other brick used and possibly because the respondents preferred it and thought it was more suitable for a garden wall, is not a smooth-faced highly finished brick but a rough-faced brick not uniform and with more or less cracked edges, which is known as Colonial faced brick.

In the judgment of the court, there is nothing about the construction of the wall or the materials used with which the complainant can legitimately find fault. In the opinion of the court, this point gives no ground for compelling the wall to be taken down.

The complainant placed on the stand a Mr. Gallagher, who testified in a rather vague way that the complainant's property would be damaged by the erection and presence of the wall in question. The respondents placed on the stand a Mr. Martin and a Mr. Clark, the latter a landscape architect and nursery man, both of whom testified that the wall was not in any way disfiguring and that, in their opinion, the value of the complainant's premises would not be decreased, and that the complainant could make use of the wall to his advantage if he saw fit.

Considering all the testimony on this question, the court finds that the wall does not injure the complainant in the comfort and enjoyment of his estate and will not depreciate the value of his property.

The complainant alleges that the respondents are erecting and maintaining the wall, as built, maliciously and for the purpose of annoying the complainant. It would seem that, in order to obtain his relief, the complainant must prove that malice or purpose to annoy is at least a controlling motive in the maintaining of such a wall and that the burden of proof is on him to show this.

After a consideration of the testimony, the court finds that the complainant has not proved this by a fair preponderance of the evidence. There would appear to be no malice or intention to annoy influencing the respondents in maintaining this wall. Apparently they have other purposes in mind. The matter of building a wall had been considered before the complainant purchased the adjoining lot or started to build his house. The wall is referred to by the respondents and their witnesses as a garden wall.

The prayer in the bill relating to the placing of mortar beds upon the complainant's property and the use of the complainant's property in connection with the building of the wall is not now being pressed. The facts show that as soon as the restraining order in the case was issued, the respondents ceased going upon the complainant's land and removed all material of every kind.

Taking all the facts in the case into consideration and applying thereto the law as it is believed to be, the court finds that the wall in question does not constitute a private nuisance and that the complainant is not entitled to have it removed or abated.

The prayer of the bill is denied and the bill is dismissed.

For Complainant: Frank H. Bellin.

For Respondents: Curtis, Matteson, Boss & Letts and Vincent I. McMahon.